## Tobias v. Tobias

*Roger V. Wiest,* for plaintiff.
*William J. Krencewicz,* for defendant.

RANCK, *J.,* July 21, 1981—This case is before the court on defendant's preliminary objections to plaintiff's complaint. The objections raised are in the form of a motion to strike off the complaint and a petition raising the defense of the pendency of a prior action.

It is initially contended in the motion to strike off the complaint that the complaint is in violation of Pa.R.C.P. 1920.12(c) in that the notice to defend attached to the complaint did not conform to that found in Pa.R.C.P. 1920.71. This defect however, is hardly a substantive one, given the fact that there has been no resulting prejudice to defendant. Under these circumstances, the defect does not require that the complaint be stricken: Pa.R.C.P. 126.

Defendant also asserts a violation of Pa.R.C.P. 1920.12 in that the complaint does not fully state the history of a prior action filed in Schuylkill

County. In particular it is alleged that the complaint does not indicate whether the prior action is still pending. Since there is likewise no indication of any prejudice to defendant from this defect, we will permit plaintiff to amend his complaint to comply with the rule.

Lastly, defendant claims that the maintenance of this action in Northumberland County is barred by the prior action filed in Schuylkill County to no. S-1467-1976. By order of court dated December 6, 1979 and signed by Judge McCloskey the case remains open at this time.

The inquiry to be undertaken when determining whether a prior action bars a present one is whether " 'the case is the same, the parties are the same, and the rights asserted and the relief prayed for are the same . . . .'" Hessenbruch v. Markel, 194 Pa. 581, 593, 45 Atl. 669, 671 (1900).

At oral argument of counsel it was brought out that the prior action alleged indignities while the present action has been brought on the grounds of a marriage irretrievably broken.

Applying the law to this case, we conclude that plaintiff is presently asserting a cause of action based on rights other than those he is asserting to support his cause of action in the prior case. The differences between the two cases are quite basic. In the Schuylkill County action plaintiff has alleged indignities as grounds for divorce. In order to prosecute his case he will have to prove to the court the fault of his spouse in the deterioration of their marriage. On the other hand, in the Northumberland county action, the fault of either spouse is irrelevant. Rather, the focus of the inquiry is whether the marriage is irretrievably broken, and whether the spouses have lived separate and apart for three years. Thus, while the parties and relief sought are

the same, the two cases are radically different. We therefore enter the following

## ORDER

And now, July 21, 1981, after due consideration of the written and oral arguments of counsel, it is ordered and directed that:

1. Paragraph 1 of defendant's motion to strike off the complaint is denied.

2. Paragraphs 2 and 3 of defendant's motion to strike off the complaint are sustained.

3. Defendant's petition raising the defense of a pendency of a prior action is denied.

Plaintiff shall have 20 days from the date of filing of this order to file an amended complaint.